In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
**NO. 09-21-00085-CV**

**IN RE BARSH AUTO, LLC**

**Original Proceeding**
**284th District Court of Montgomery County, Texas**
**Trial Cause No. 19-09-12264**

**MEMORANDUM OPINION**

In a writ of mandamus, filed on April 20, 2021, Relator (the plaintiff in the court below) challenges an order signed by the trial court granting the motion filed by the Real Party in Interest (the defendant in the court below) striking evidence the Relator asserts it should be allowed to introduce at trial to prove the damages it claims the Real Party in Interest caused in a collision with the Relator's truck. After the Relator, Barsh Auto, LLC, filed its petition seeking a writ of mandamus from this Court, we asked the Real Party in Interest, Britton Grissom, to respond.[1] For the

---

[1]*See* Tex. R. App. P. 52.10(b).

1

reasons explained below, we conclude Barsh Auto has not shown the trial court's ruling granting Grissom's motion constituted an abuse of discretion.

In its petition, Barsh Auto argues the trial court abused its discretion by granting a death-penalty sanction without first testing a lesser sanction.[2] In response, Grissom argues the trial court did not abuse its discretion because the trial court's order granting its motion simply imposes the penalty that applies under the Rules of Procedure when a party fails to respond to the opposing party's request for disclosures and seeks to require the party who was served with the requests to disclose the evidence that the party obligated to disclose the evidence intends to offer into evidence when the case is tried.[3] Under that rule, the court must exclude the evidence that the party served with the request failed to disclose when the evidence is later offered at trial.[4] Grissom concludes Barsh Auto has not shown the trial court abused its discretion by granting the penalty required under the Rules when a party, here Barsh Auto, fails to comply with its disclosure obligation under the Rules.[5]

Rule 193.1 requires that parties respond "to written discovery in writing within the time provided by court order or these rules."[6] Rule 193.6 creates a penalty

---

[2]*See TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 918 (Tex. 1991).

[3]*See* Tex. R. Civ. P. 193.6.

[4]*Id*. 193.6(a)

[5]*Id*.

[6]*Id*. 193.1.

2

for a party's failure to comply with Rule 193.1. When a party does not timely answer discovery, Rule 193.6 provides that party "may not introduce in evidence the material or information that was not timely disclosed, or offer the testimony of a witness (other than a named party) who was not timely identified," absent a finding by the trial court of good cause or a finding that its failure to respond will not operate to surprise or prejudice the other parties in the case.[7] Rule 193.6's penalty is mandatory and automatic, absent a showing of good cause.[8]

Because Rule 193.6's penalty—excluding undisclosed evidence—is automatic and requires the party who failed to answer discovery to establish either good cause or lack of prejudice, appellate courts do not consider decisions imposing the automatic penalty called for by Rule 193.6 as death-penalty sanctions.[9] Consequently, a court's decision imposing the automatic penalty specified by Rule 193.6 is not reviewable under the lesser-sanctions standard identified in *TransAmerican*.

---

[7] *Id*. 193.6(a).

[8] *Alvarado v. Farah Mfg. Co.*, 830 S.W.2d 911, 914 (Tex. 1992).

[9] *Compare TransAmerican*, 811 S.W.2d at 917-18 (explaining that sanctions permissible under Rule 215 of the Texas Rules of Civil Procedure address areas on which trial courts must exercise sound discretion), *with White v. Perez*, No. 02-09-00251-CV, 2010 Tex. App. LEXIS 150, at *4 (Tex. App.—Fort Worth Jan. 7, 2010, pet. denied) (explaining that because Rule 193.6's sanction is automatic absent the showing of an exception, orders signed pursuant to Rule 193.6 are not reviewable under *TransAmerican*).

To prevail on a petition for mandamus, Barsh Auto must show the trial court abused its discretion by granting Grissom's motion and show that it has no adequate remedy by appeal.[10] After reviewing Barsh Auto's petition, Grissom's response, and the appendixes the parties submitted to the Court, we conclude Barsh Auto has not shown an abuse of discretion occurred. Accordingly, we lift this Court's order dated April 22, 2021 staying the proceedings and deny Barsh Auto's petition.[11]

PETITION DENIED.

PER CURIAM

Submitted on May 10, 2021
Opinion Delivered May 27, 2021

Before Kreger, Horton and Johnson, JJ.

---

[10]*See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding).
[11]*See* Tex. R. App. P. 52.8(a).

4